IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TONY JAMES GARNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CRIMINAL NO. 03-0095-WS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

This matter comes before the Court on petitioner Tony James Garner's filing styled "Motion Relating Back to Original 28 U.S.C. § 2255 Pursuant to Fed. Rule of Civ.Proc. Rule 15(c)" (doc. 91).

Back in November 2003, Garner pleaded guilty in this District Court to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the undersigned found that Garner was an armed career criminal pursuant to 18 U.S.C. § 924(e)(1), and sentenced him to a high-end guidelines sentence of 327 months.

Over the years, Garner has unsuccessfully litigated a series of challenges to his ACCA sentencing enhancement. In September 2006, he filed a § 2255 petition (doc. 51), asserting that trial and appellate counsel had rendered ineffective assistance in failing to object to his classification as an armed career criminal and that he was "actually innocent" of armed career criminal status. By Order (doc. 58) and Judgment (doc. 59) entered on May 1, 2007, the undersigned denied Garner's Motion to Vacate, finding that applicable law unambiguously refuted his contention that the underlying third-degree burglary convictions were not qualifying offenses for purposes of § 924(e). Garner's ensuing motions for reconsideration, for certificate of appealability, and for *in forma pauperis* status on appeal were all denied. (Docs. 61, 66.) The Eleventh Circuit denied a COA to Garner and further denied his motion for reconsideration of same in October 2007. (Docs. 70, 71.) Garner relitigated the armed career criminal issue via Rule 60(b) Motion (doc. 72) filed in November 2008. Both this Court and the Eleventh Circuit

rejected the Rule 60(b) Motion, with Garner's motion for reconsideration being denied by the appellate court in July 2009. (Doc. 90.)

On August 8, 2011, Garner filed his latest attempt to challenge his armed career criminal status, in the form of a Rule 15(c) Motion that he contends relates back to the § 2255 petition that was dismissed more than four years ago. The Court lacks jurisdiction to consider this Motion. Because Garner's § 2255 Petition was denied, and his § 2255 proceedings terminated, long before his Rule 15(c) Motion was filed, there is no active § 2255 motion that can be amended, and Garner's reliance on Rule 15(c) "relation back" principles is improper. *See, e.g., Burns v. United States*, 2005 WL 2656095, *2 (11th Cir. Oct. 18, 2005) (where petitioner filed Rule 15(c) motion almost four years after § 2255 motion to vacate was denied, his case was "closed and not properly subject to amendment"); *Jones v. United States*, 304 F.3d 1035, 1043 n.16 (11th Cir. 2002) (filing could not properly be considered amendment to petitioner's § 2255 motion because such motion had already been ruled on); *Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006) ("the relation back doctrine does not apply where the previous habeas petition was dismissed because there is nothing to which the new petition could relate back"); *United States v. Williams*, 2003 WL 21697372, *1 (5th Cir. July 22, 2003) ("Because the 28 U.S.C. § 2255 motion which first raised the prosecutorial misconduct claim had already been denied at the time Williams filed his Fed. R. Civ. P. 15(c) motion to amend, there was no § 2255 motion to relate back to."); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("a habeas petition filed after a previous petition has been dismissed … does not relate back to the earlier petition"); *Warren v. Garvin*, 219 F.3d 111, 114 (2nd Cir. 2000) ("the relation back doctrine is inapplicable when the initial habeas petition was dismissed, because there is no pleading to which to relate back").

Moreover, because Garner previously filed a § 2255 motion, and he seeks in his present Rule 15(c) motion to assert the same claims and obtain the same relief he sought in his original motion, based on what he apparently (and incorrectly) claims to be a change in controlling law, his claims are plainly a successive § 2255 motion for which he must obtain prior Eleventh Circuit approval. *See Burns*, 2005 WL 2656095, at *3 (petitioner's claims in Rule 15(c) motion amount to a successive § 2255 motion); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (AEDPA "requires that before a second or successive motion or petition is filed, the petitioner first must obtain an order from the court of appeals authorizing the district court to consider it"); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("The AEDPA

provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it."); *In re Joshua*, 224 F.3d 1281 (11th Cir. 2000) ("Federal prisoners seeking to file a second or successive motion to vacate, set aside or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion."). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Holt*, 417 F.3d at 1175.[1] Garner has received no such appellate authorization.

For these reasons, Garner's "Motion Relating Back to Original 28 U.S.C. § 2255 Pursuant to Fed.Rule. of Civ.Proc.Rule 15(c)" (doc. 91) is **denied** for lack of jurisdiction.[2] Because any appeal from this ruling would be frivolous, the Court certifies that Garner is not entitled to a certificate of appealability or to appeal *in forma pauperis*.

DONE and ORDERED this 26th day of August, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Insofar as Garner asks to have his challenge to the armed career criminal sentencing enhancement recast as a federal habeas petition under 28 U.S.C. § 2241 in order to circumvent the limits on second or successive § 2255 petitions, that attempt fails as a matter of law. *See Gilbert v. United States*, 640 F.3d 1293, 1312 (11th Cir. 2011) (en banc) ("the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)"). Simply put, "[a]fter a case has passed the stage of a first § 2255 proceeding, the right to error correction is narrowly limited by principles of policy that reside in the finality of judgment neighborhood of the law – principles which further critically important interests." *Id.* at 1324. Those principles bar Garner from slapping a § 2241 label on his already rejected § 2255 claims in an effort to have them heard anew today without adhering to the approval process outlined in § 2255(h).

[2] Even if there were jurisdiction, Garner's suggestion that recent appellate precedent somehow establishes that his predicate third-degree burglary convictions for which he received the armed career criminal enhancement no longer qualify as "crimes of violence" under § 924(e) is incorrect as a matter of law. *See, e.g., United States v. Rainer*, 616 F.3d 1212, 1215-16 (11th Cir. 2010) ("generic burglary … qualifies as a violent felony for ACCA purposes") (internal quotation marks omitted); 18 U.S.C. § 924(e)(2)(B)(ii) (defining "violent felony" for ACCA purposes as including a crime that "is burglary").